JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MARY LYNN CORTEL MADRONO,<br><br>    Petitioner,<br><br>  vs.<br><br>MICHAEL BENOV,<br><br>    Respondent. | Case No.: 2:12-cv-06288-CJC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

The petition for writ of habeas corpus of Petitioner Mary Lynn Cortel Madrono is **DENIED** for substantially the same reasons stated by the Government in its opposition to the petition filed on September 19, 2012. Ms. Madrono argues that there is no probable cause in support of the charges against her, and that she is not charged with an extraditable offense. However, the magistrate judge had competent evidence of probable cause to support Ms. Madrono being charged with five counts of qualified theft through falsification of commercial documents, two counts of qualified theft, and four counts of

1  falsification of commercial documents.  The charges stem from an alleged scheme to
2  steal money perpetrated by Ms. Madrono in connection with her employment as branch
3  manager of the United Coconut Planters Bank.  The allegations are supported by signed
4  affidavits by bank employees who witnessed Ms. Madrono issuing fraudulent deposits
5  and withdrawals, and "pre-terminating" accounts without permission.  The allegations are
6  further supported by the signed affidavit of Raquel Burgos, a United Coconut Planters
7  Bank Audit Officer, who discovered evidence of a "lapping" scheme perpetrated by Ms.
8  Madrono, of which the charged offenses were a part.[1]  Additionally, the fact that Ms.
9  Madrono fled the Philippines a week after she allegedly committed the crimes is evidence
10 of her guilt.

12 The Court also finds that Ms. Madrono is charged with offenses covered by the
13 extradition treaty.  Under the extradition treaty, an offense is extraditable if it is
14 punishable under the laws of both the United States and the Philippines by imprisonment
15 of more than one year.  The Filipino crime of qualified theft through falsification of
16 documents is punishable by imprisonment between ten and forty years.  The Filipino
17 crime of qualified theft is punishable by imprisonment between six and forty years.  The
18 Filipino crime of falsification of commercial documents is punishable by imprisonment

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[1] A "lapping" scheme involves moving funds between accounts in order to conceal a theft in a way reminiscent of a ponzi scheme.  This explains why Ms. Madrono would allegedly make fraudulent deposits in addition to the withdrawals.

between six months and six years.  These crimes are analogous to U.S. federal crimes of Theft, Embezzlement, or Misapplication by Bank Officer or Employee, 18 U.S.C. § 656, and Bank Fraud, 18 U.S.C. § 1344, which are both punishable by up to 30 years imprisonment.  Accordingly, Ms. Madrono is charged with extraditable offenses.

DATED:     October 23, 2012

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE